## Al. Brite *v.* The State.

1. Practice.— A witness cannot be cross-examined as to any fact which is collateral and irrelevant to the issue, merely for the purpose of contradicting him by other evidence if he should deny it and thereby discredit his testimony.

2. Same.— The law does not sanction an unnecessary inquiry into the antecedents of a witness, for the purposes of impeachment.

3. Same — New Trial.— See the opinion for a summary of evidence so meager as to demand the granting of a new trial in a case of hog-theft.

Appeal from the County Court of Caldwell. Tried below before the Hon. J. D. Rice, County Judge.

The opinion discloses the case.

*Stringfellow & McNeil,* for the appellant.

*Horace Chilton,* Assistant Attorney General, for the State.

White, P. J. "As to cross-examination of witnesses for the prosecution, the rule laid down by Mr. Greenleaf

is that a witness cannot be cross-examined as to any fact which is collateral and irrelevant to the issue, merely for the purpose of contradicting him by other evidence if he should deny it, and thereby discredit his testimony. 1 Greenl. Ev. sec. 449." *Stevens* v. *State,* 7 Texas Ct. App. 39. Nor for purposes of impeachment does the law sanction an unnecessary inquiry into the antecedents of a witness. *Handline* v. *State,* 6 Texas Ct. App. 348.

Other supposed errors are insisted upon in the assignment and in the brief of counsel, which we do not consider it necessary to discuss, in view of the conclusion we have arrived at as to the proper disposition to be made of the case as presented on this appeal. We are not satisfied of the character, conclusiveness and sufficiency of the evidence upon which the judgment is based. In proof of his ownership and the identity of the animal, the principal prosecuting witness testified: "When I found the sow at defendant's smoke-house it had been scalded and cleaned and gutted. I knew it was my sow from the fact that there were some black hairs on the head. There was nothing about the animal when found by me by which I could tell that it was a sow, but God knows it was a sow, and I know it."

Henry McMahon, another main witness for the prosecution, on cross-examination said: "When I went to defendant's I went on horse back. Can't say how close I went to the sow. It may have been two steps and it may have been ten steps. When I saw the sow, I don't know whether she was lying on her belly or on her back; but I don't think she was lying on either of these places. I don't know which end of her was toward me. I know it was a sow, and God knows it was a sow. I have never seen that sow since." The remaining State's witness testified, "when I got there I found a hog out by his smoke-house, but it was cleaned and gutted. I could not tell whether it was a sow or not, nor could

I tell whether or not it was the hog of Isaac Hubbard. I saw a hog's head in the back end of the smoke-house, both ears of which were cut off."

In behalf of defendant, besides three of his own family, a white man testified that the animal killed was in his, the defendant's, mark. In addition, the defendant established his character for honesty, by white witnesses who had known him for years. The court erred in refusing a new trial, in consideration of the meagerness and insufficiency of the evidence; wherefore the judgment is reversed and the cause remanded.

*Reversed and remanded.*